UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br>d/b/a Mr. Cooper<br><br>    Plaintiff,<br><br>        v.<br><br>KIM M. KILMER,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 17-cv-30161-MGM<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION REGARDING NATIONSTAR MORTGAGE LLC'S
MOTION FOR DEFAULT JUDGMENT
(Dkt. No. 10)

ROBERTSON, U.S.M.J.

I. INTRODUCTION

Plaintiff Nationstar Mortgage LLC ("Nationstar"), doing business as Mr. Cooper, moves pursuant to Fed. R. Civ. P. 55(b)(1) for a default judgment on its complaint against Kim M. Kilmer ("Defendant") for the foreclosure and sale of the property at 31 Arthur Street, Springfield, Massachusetts ("Property") (Dkt. No. 10). Nationstar's verified complaint asserts claims against Defendant to quiet title (Count I) and for breach of contract (Count II). Nationstar asks the court: to certify that Defendant is not a beneficiary of the Servicemembers Civil Relief Act, 50 U.S.C. § 501 *et seq.* (Count III); to enter a conditional judgment (Count IV); to permit foreclosure by the exercise of the power of sale (Count V); to enter a deficiency judgment (Count VI); and to enter a judgment of possession in its favor if it is the successful bidder at the foreclosure sale (Count VII). Nationstar's Motion for Default Judgment was referred to the undersigned for a report and recommendation by presiding District Judge Mark G. Mastroianni (Dkt. No. 13). *See* 28 U.S.C. § 636(b)(1)(B). The court held a hearing on the motion on October

1

9, 2018. Defendant did not appear at the hearing. Having reviewed Nationstar's verified complaint, motion, and notice of supplemental authority, the court recommends granting so much of the motion as seeks to quiet title by assigning Defendant's mortgage to Nationstar and denying the remainder of the motion without prejudice.

II.     BACKGROUND

A.     Factual Background[1]

On July 22, 2008, the Property was transferred to Defendant by quitclaim deed, which was recorded in the Hampden County Registry of Deeds on that date (Dkt. No. 1 ¶ 6; Dkt. No. 1-1 at 1-2; Dkt. No. 10-2 ¶ 11(a)). Because the signature page was omitted from the deed, a "Corrective Deed," which included the signature page, was recorded in the registry of deeds on July 28, 2008 (Dkt. No. 1 ¶¶ 7, 8; Dkt. No. 1-1 at 3-5; Dkt. No. 10-2 ¶ 11(b)).[2] On July 22, 2008 Defendant executed and delivered a promissory note ("Note") to Wells Fargo Bank, N.A. ("Wells Fargo") in the amount of $109,600 (Dkt. No. 1 ¶ 9; Dkt. No. 1-1 at 6-8; Dkt. No. 10-2 ¶ 11(c)). On that date, Wells Fargo assigned the Note to Neighborhood Housing Services of America – Just Price Solutions, LLC ("NHSA-JPS"), which assigned the Note to Neighborhood

---

[1] The facts are drawn from the verified complaint (Dkt. No. 1), the attorney's affidavit in support of Nationstar's Motion for Entry of Default Judgment, which repeated the allegations in the verified complaint (Dkt. No. 10-2) ("Attorney's Affidavit"), and the December 19, 2018 affidavit of David Andrews, Jr., the document execution associate of Nationstar ("Andrews Affidavit") (Dkt. No. 24). *See Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 62–63 (1st Cir. 2002) ("A defaulting party 'is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'" ) (quoting *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n.3 (1st Cir. 1999)).

[2] Although the verified complaint and the Attorney's Affidavit in support of Nationstar's Motion for Default Judgment states that the "Corrective Deed" was recorded on July 22, 2008, the appended copy of the "Corrective Deed" indicates that it was recorded on July 28, 2008 (*Compare* Dkt. No. 1 ¶8 & Dkt. No. 10-2 ¶ 11(b) *with* Dkt. No. 1-1 at 3).

Housing Services of America ("NHSA"), which, in turn, executed the Note in blank (Dkt. No. 1 ¶¶ 10, 11, 12; Dkt. No. 1-1 at 8-10; Dkt. No. 10-2 ¶ 11(d), (e), (f)).[3] According to the complaint, the Attorney's Affidavit, and the Andrews Affidavit, the Federal National Mortgage Association ("Fannie Mae") "is the true and lawful holder/owner of the . . . Note" (Dkt. No. 1 ¶ 13; Dkt. No. 10-2 ¶ 11(g); Dkt. No. 24 at 2 ¶ 10).

On July 22, 2008, Defendant also executed a mortgage ("Mortgage") on the Property to Wells Fargo as security for repayment of the Note (Dkt. No. 1 ¶ 14; Dkt. No. 1-1 at 11-26; Dkt. No. 10-2 ¶ 11(h)). The Mortgage was recorded in the Hampden County Registry of Deeds on July 22, 2008 (Dkt. No. 1 ¶ 14; Dkt. No. 1-1 at 11; Dkt. No. 10-2 ¶ 11(h)). Two days earlier, on July 18, 2008, Wells Fargo assigned the Mortgage to NHSA – JPS (Dkt. No. 1 ¶ 15; Dkt. No. 1-1 at 27-29; Dkt. No. 10-2 ¶ 11(h)). The spaces to fill in the "mortgagor," "recorded in book page," "date of mortgage," and "original amount of mortgage" were left blank (Dkt. No. 1 ¶ 18; Dkt. No. 1-1 at 27). The assignment of the Mortgage was recorded in the registry of deeds on the same date the Mortgage was recorded, July 22, 2008 (Dkt. No. 1 ¶ 16; Dkt. No. 1-1 at 27; Dkt. No. 10-2 ¶ 11(i)).

On August 10, 2010, Nationstar notified Defendant that it was the servicer for the Mortgage account (Dkt. No. 1 ¶ 19; Dkt. No. 1-1 at 30). On February 1, 2011, officers of Fannie Mae executed a limited power of attorney appointing Nationstar as its attorney-in-fact "to execute, endorse, and acknowledge all documents customarily and reasonably necessary and appropriate for: . . . the completion . . . of foreclosure relating to a mortgage . . ." (Dkt. No. 24 at

---

[3] "The effect of this endorsement in blank is that the promissory note is owned by whoever possesses the note." *Nationstar Mortg. LLC v. Galvin*, CIVIL ACTION NO. 4:17-cv-40123-DHH, 2018 WL 3826680, at *2 (D. Mass. Aug. 10, 2018) (citing *Courtney v. U.S. Bank, N.A.*, 922 F. Supp. 2d 171, 174 (D. Mass. 2013); Mass. Gen. Laws ch. 106, § 3-301).

3

27). The limited power of attorney was recorded in the Hampden County Registry of Deeds on October 17, 2013 (Book 20061, Pages 163-65) (Dkt. No. 24 at 27-29).

According to information Nationstar obtained from the California Secretary of State and appended to its complaint, NHSA was dissolved on October 1, 2012 (Dkt. No. 1 ¶ 20; Dkt. No. 1-1 at 31; Dkt. No. 10-2 ¶ 11(k)). Nationstar states that, as Fannie Mae's agent, it "is unable to get an assignment" of the Mortgage from NHSA due to its dissolution (Dkt. No. 1 ¶ 21; Dkt. No. 10-2 ¶ 11(*l*)).[4]

On September 6, 2016, Nationstar sent Defendant a notice of the "90 Day Right to Cure Your Mortgage Default," indicating Defendant's failure to make payments that were due on August 1 and September 1, 2016, and a Right to Request a Modified Mortgage Loan (Dkt. No. 1 ¶ 24; Dkt. No. 1-1 at 33-51; Dkt. No. 10-2 ¶ 11(n)). Nationstar claims that Defendant failed to cure the default by December 5, 2016, the expiration of the 90 days (Dkt. No. 1 ¶ 25). On December 29, 2016, Nationstar sent a "35 Day Notice of Right to Cure" thereby notifying Defendant that it was "the mortgage loan servicer for Nationstar Mortgage LLC" and that the Mortgage was past due for the November 1, 2016 payment (Dkt. No. 1 ¶ 26; Dkt. No. 1-1 at 52-55; Dkt. No. 10-2 ¶ 11(o)). The thirty-five days expired on February 2, 2017 (Dkt. No. 1 ¶ 27). According to Nationstar, Defendant failed to cure the default by that date (Dkt. No. 1 ¶ 28; Dkt. No. 10-2 ¶ 11(p)).

    B.    Procedural History

---

[4] Although Wells Fargo assigned the Mortgage to NHSA-JPS (Dkt. No. 1 ¶ 15; Dkt. No. 1-1 at 27-29), it was NHSA that was dissolved in October 2012 (Dkt. No. 1-1 at 31). The complaint, the Attorney's Affidavit, and the Andrews Affidavit treat NHSA-JPS and NHSA as the same entity, which held the Mortgage. *See, e.g.,* Dkt. No. 1 ¶¶ 20, 21, 34, 35; Dkt. No. 10-2 ¶ 11(i), (k), (*l*); Dkt. No. 24 at 2 ¶ 12, at 3 ¶ 15.

Nationstar filed the verified complaint on November 6, 2017 (Dkt. No. 1).  On January 5, 2018, Nationstar filed proof that the summons was served at Defendant's "last and usual place of abode," 31 Arthur Street, Springfield, Massachusetts (the Property), and by first class mailing to that address (Dkt. No. 5).  Because no answer or responsive pleading was filed, Nationstar requested a notice of default on April 9, 2018 (Dkt. No. 6).  The clerk entered a default and mailed a copy of the notice of default to Defendant on April 11, 2018 (Dkt. Nos. 7, 8).  The notice was returned as undeliverable on May 21, 2018 (Dkt. No. 12).

On May 2, 2018, Nationstar filed the instant motion for default judgment, the supporting Attorney's Affidavit, and a proposed order (Dkt. Nos. 10, 10-2, 11).  On June 22, 2018, the copy of the presiding district judge's June 14, 2018 order of referral, which had been mailed to Defendant on the date it was entered, was returned to the court as undeliverable (Dkt. No. 15). "Vacant House" was handwritten above the address on the envelope (*id.*).

Defendant failed to appear at the October 9, 2018 motion hearing (Dkt. No. 18).  The court instructed Nationstar's counsel to file:  supplemental authority to support its request for assignment of the Mortgage to Nationstar as mortgagee; and a proposed order (*id.*).  On October 18, 2018, counsel for Nationstar filed a Notice of Supplemental Authority in Support of its Motion for Default Judgment (Dkt. No. 19) and a Proposed Default Judgment (Dkt. No. 20).

Although page 3 of Nationstar's Notice of Supplemental Authority in Support of its Motion for Default Judgment referenced an affidavit, the affidavit was not included with Nationstar's submission to the court (Dkt. No. 19).  Consequently, on December 7, 2018, the undersigned ordered Nationstar to submit the affidavit (Dkt. No. 21).  Nationstar responded to the court's order by submitting the Andrews Affidavit and attachments on January 12, 2019 (Dkt. No. 24).

Nationstar's Motion for Default Judgment requested the following: a declaratory judgment "quieting title to the Property to reflect Nationstar as the mortgagee of record of the . . . Mortgage;" a declaratory judgment that Defendant is not on active duty with the United States Military or otherwise entitled to the benefit of the Servicemembers Civil Relief Act;[5] a judgment that Defendant's default constitutes a breach of the Mortgage loan contract; a conditional judgment pursuant to Mass. Gen. Laws ch. 244, §§ 3, 11; an order authorizing the sale of the Property pursuant to Mass. Gen. Laws ch. 183, § 21; a deficiency judgment; and a judgment for possession of the property (Dkt. No. 10-2 ¶ 11(t)).

### III. DISCUSSION

#### A. Standard Governing Motion for Default Judgment

"While a court should accept as true the well-pleaded factual allegations in the complaint when considering a motion for entry of default judgment, the court 'need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages.'" *F.L. Roberts & Co. v. Land-Air Express of New England, Ltd.*, Case No. 16-CV-12062-MAP, 2017 WL 4820381, at *2 (D. Mass. Oct. 3, 2017), *report and recommendation adopted in part* C.A. No. 16-CV-12062-MAP, 2017 WL 4817847 (D. Mass. Oct. 24, 2017) (quoting *Virgin Records Am., Inc. v. Bagan*, Civ. No. 08-4694 (WHW), 2009 WL 2170153, at *2 (D.N.J. July 21, 2009)).

#### B. Request for Declaratory Judgment to Quiet Title

Nationstar relies on *Eaton v. Fed. Nat'l Mortg. Ass'n*, 969 N.E.2d 1118 (Mass. 2012) and *U.S. Bank Nat'l Ass'n v. Ibanez*, 941 N.E.2d 40 (Mass. 2011), as support for its request for the court's declaration that, as Fannie Mae's agent, it is the rightful holder of the Mortgage

---

[5] Nationstar claims that a search of the Department of Defense Manpower Data Center showed that Defendant is not on active duty with the United States Military (Dkt. No. 1-1 at 56-57).

6

(mortgagee) (Dkt. No. 19).  The cases cited by Nationstar provide authority for granting its request.

"Massachusetts is a nonjudicial foreclosure state, so banks generally foreclose by exercising the statutory power of sale." *Galvin v. U.S. Bank, N.A.*, 852 F.3d 146, 156 (1st Cir. 2017).  "In order to exercise this statutory power of sale, the [foreclosing] bank must . . . hold both the note and the mortgage in order to have standing to sell the property at a foreclosure sale." *Id.* (citing *Eaton*, 969 N.E.2d at 1125, 1129–30; *Ibanez*, 941 N.E.2d at 50 (citing Mass. Gen. Laws ch. 183, § 21; Mass. Gen. Laws ch. 244, § 14)).

"The law contemplates distinctions between the legal interest in a mortgage and the beneficial interest in the underlying debt.  These are distinct interests, and they may be held by different parties."  *Culhane v. Aurora Loan Servs. of Neb.,* 708 F.3d 282, 292 (1st Cir. 2013). "But the mortgage (no matter who holds it) is always subject to the note." *Id.* "Where . . . the mortgage and the note are held by separate entities, an equitable trust is implied by law." *Id.* (citing *Eaton,* 969 N.E.2d at 1125 & n.10).  "Under such an arrangement, the mortgagee is an equitable trustee who holds bare legal title to the mortgaged premises in trust for the noteholder." *Id.* (citing *Ibanez,* 941 N.E.2d at 53–54).  The noteholder "has an equitable right to obtain an assignment of the mortgage, which may be accomplished by filing an action in court and obtaining an equitable order of assignment." *Ibanez*, 941 N.E.2d at 54 (citing *Barnes v. Boardman*, 21 N.E. 308, 309 (Mass. 1889)).  "This makes perfect sense:  if the debtor-mortgagor defaults, the noteholder needs to control the mortgage in order to enforce its bargained-for security interest and collect the debt." *Culhane*, 708 F.3d at 292.

According to the complaint, Fannie Mae is the noteholder and Nationstar, as its agent and loan servicer, is prosecuting the instant action on its behalf (Dkt. No. 1 ¶¶ 4, 13, 40, 52, 66).  *See*

*McCusker v. Ocwen Loan Servs., LLC,* Civil Action No. 14-13663-MGM, 2015 WL 4529986, at *6 (D. Mass. July 27, 2015) ("Loan servicers hold 'no beneficial ownership interest in the mortgage, or in the debt secured thereby; instead, [their] role [is] strictly as servicing agent' for the mortgagee and the note holder.") (alterations in original) (quoting *Haskins v. Deutsche Bank Nat'l Tr. Co.,* 19 N.E.3d 455, 459 n.10 (Mass. App. Ct. 2014)).  Fannie Mae authorized Nationstar to act as its agent for mortgage foreclosures (Dkt. No. 24 at 3 ¶¶ 14, 16 & at 27).  *See Khalsa v. Sovereign Bank, N.A.,* 44 N.E.3d 863, 866 (Mass. App. Ct. 2016) ("General agency principles apply in the context of mortgage foreclosure sales.  An agency relationship 'arises "from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act."'") (quoting *Harrison Conference Servs. of Mass., Inc. v. Comm'r of Revenue,* 474 N.E.2d 160, 162 (Mass. 1985)).  Although Nationstar controls the Note as Fannie Mae's agent, it does not hold the Mortgage, as is required for foreclosure under the statutory power of sale (Dkt. No. 1 ¶ 21; Dkt. No. 10-2 ¶ 11(*l*)).  *See Galvin,* 852 F.3d at 156; *Eaton*, 969 N.E.2d at 1125, 1129-30; *Ibanez*, 941 N.E.2d at 50; Mass. Gen. Laws ch. 183, § 21; Mass. Gen. Laws ch. 244, § 14.  Wells Fargo, the original mortgagee, assigned the Mortgage to NHSA-JPS (Dkt. No. 1 ¶¶ 14-18).[6]  The noteholder, Fannie Mae, through its agent, Nationstar, has "the equitable right to demand and obtain the assignment of the mortgage" that NHSA held.  *Culhane*, 708 F.3d at 292 (citing *Ibanez*, 941 N.E.2d at 54).

---

[6] Wells Fargo executed an assignment of the Mortgage in blank on July 18, 2008 prior to Defendant's execution of the Mortgage on July 22, 2008 (Dkt. No. 1 ¶¶ 14, 15, 16).  Although Massachusetts law requires the assignor to be the record holder of the mortgage at the time of assignment, "an assignment that complies with the statute governing mortgage assignments, Mass. Gen. Laws ch. 183, § 54B, 'cannot be shown to be void.'"  *Galvin*, 852 F.3d at 158 (quoting *Bank of N.Y. Mellon Corp. v. Wain*, 11 N.E.3d 633, 638 (Mass. App. Ct. 2014)).  Defendant, who did not appear, has not challenged the assignment.

Nationstar claims that it is unable to obtain a written assignment of the Mortgage from NHSA because it was dissolved in 2012 (Dkt. No. 1 ¶¶ 20, 21; Dkt. No. 1-1 at 31; Dkt. No. 10-2 ¶ 11(k), (*l*)). In these circumstances, Massachusetts law permits the court to quiet title by equitably assigning the Mortgage to Nationstar, as Fannie Mae's agent, and declaring that Nationstar is the mortgagee of record (Dkt. No. 1 ¶ 36; Dkt. No. 10-2 ¶ 11(i), (k), (*l*), (t)).[7] *See Ibanez*, 941 N.E.2d at 54.

To the extent Nationstar is attempting to establish that it, as Fannie Mae's agent, is the rightful holder of the Mortgage, this case is factually similar to *Galvin*, 2018 WL 3826680, at \*1, \*3. In that case, the defendant, Galvin, financed the purchase of property by executing a promissory note to C & G Financial Services, Inc. ("C & G"), a California corporation. *See id.* at \*1. C & G endorsed the note to Lehman Brothers Bank, which endorsed the note to Lehman Brothers Holdings Inc., which, in turn, endorsed the note in blank. *See id.* at \*2. At the time of the suit to quiet title, Nationstar represented that it was acting as a loan servicer and authorized agent of the noteholder, Fannie Mae. *See id.* Nationstar established the agency relationship by including in the record a limited power of attorney authorizing Nationstar to act on Fannie Mae's behalf for mortgage modifications and foreclosures. *See id.* In addition, Nationstar submitted the affidavit of an Assistant Vice President of Fannie Mae averring that Nationstar was servicing the defendant's mortgage on Fannie Mae's behalf and was "'duly authorized to commence and prosecute the instant action in its own name.'" *Id.* Galvin's mortgage, which secured the promissory note, named the defendant as the borrower, C & G as the lender, and Mortgage

---

[7] The portions of the complaint and the Attorney's Affidavit alleging that Nationstar is "the true and lawful assignee and holder" of the Mortgage are confusing in light of Nationstar's allegation that it is "unable to obtain an [a]ssignment of the . . . Mortgage" due to NHSA's dissolution and Nationstar's request for an equitable assignment of the Mortgage on behalf of Fannie Mae (Dkt. No 1 ¶¶ 21,22; Dkt. No. 10-2 ¶ 11(i), (j), (k), (*l*), (t)).

Electronic Registration Systems, Inc. ("MERS") as the mortgagee. *See id.* Thereafter, the mortgage was the subject of "numerous assignments." *Id.* Nationstar claimed that the assignment from MERS to C & G was the only valid assignment and, therefore, C & G was the mortgagee of record. *See id.* at *2-3. As the agent of Fannie Mae, Nationstar possessed and controlled the defendant's promissory note. *See id.* at *3. Fannie Mae, through Nationstar, sought to obtain the equitable assignment of the defendant's mortgage from C & G, the alleged mortgagee of record. *See id.* Because Nationstar believed that C & G was "defunct and incapable of assigning the mortgage," Nationstar asked the court to declare that it, as Fannie Mae's agent, was the rightful holder of the defendant's mortgage.[8] *Id.* The judge recognized that the requested assignment was based on *Eaton* and *Ibanez*. *See id.* at *6. Nonetheless, he denied without prejudice so much of Nationstar's motion for summary judgment as sought to quiet title in the defendant's mortgage because he was not convinced that C & G was "defunct," he wanted to give C & G an opportunity to respond to Nationstar's request, which would be binding on C & G, and he was not satisfied with Nationstar's response to the court's instruction to submit proof that C & G could not be served with process. *Id.* The judge found that "Nationstar has failed to properly support its factual assertions respecting C & G." *Id.*[9] By contrast, Defendant did not

---

[8] Nationstar submitted the following internet printouts to establish that C & G was "defunct:" the California Secretary of State's online database of business entities showing, without explanation, that C & G's status was "'SOS/FTB SUSPENDED;" a similar listing from the Massachusetts Secretary of State's online database indicating that C & G's corporate registration was voluntarily revoked on June 18, 2012; and a listing in an Indiana database showing that C & G's status was "'[r]evoked'" and describing C & G as "'[i]nactive'" as of August 28, 2009. *Galvin*, 2018 WL 3826680, at *1 (alterations in original).

[9] According to the court's docket in *Galvin*, Nationstar renewed its motion for summary judgment on November 13, 2018. *See* Motion for Summary Judgment Renewed by Nationstar Mortgage LLC, Nationstar Mortg. LLC v. Galvin, No. 4:17-cv-40123-DHH (D. Mass. Nov. 13, 2018), ECF No. 38. The attorney's affidavit filed in support of the motion indicated that copies of the summons and complaint were served on the Clerk of the Secretary of the Commonwealth

answer the complaint or file a responsive pleading in the instant case and Nationstar provides support for its representation that NHSA was "dissolved" in October 2012 (Dkt. No. 1-1 at 31).

Based on Nationstar's assertions and Massachusetts law, the court recommends that so much of Nationstar's motion for default judgment as requests an equitable order of assignment of the Mortgage be granted. However, the court recommends that Nationstar's other requests, including an order authorizing the foreclosure sale, be denied without prejudice because "the foreclosing bank must strictly comply with the default notice provisions in paragraph 22 of the mortgage" and in Mass. Gen. Laws ch. 244, § 14 (Dkt. No. 1-1 at 23). *Galvin*, 852 F.3d at 156-57.

IV. CONCLUSION

For the reasons stated above, the court recommends that so much of Nationstar's Motion for Default Judgment (Dkt. No. 10) as seeks equitable assignment of the Mortgage to Nationstar be GRANTED and that the remaining requests be DENIED without prejudice.[10]

---

of Massachusetts because Nationstar was unable to "locate C & G's business operations and/or a representative who was authorized to accept service of process" (ECF No. 40 at 7). As of this date, the motion for summary judgment is pending.

[10] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

It is so ordered.

Dated:  January 17, 2019 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE